UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBIN PERSAD and BEVERLY PERSAD,

                      Plaintiffs,                **MEMORANDUM & ORDER**

                      -against-                  13-CV-3187 (SLT) (VMS)

GLOBAL COMPANIES LLC d/b/a GLOBAL
PARTNERS, LP,

                      Defendants.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

      In August 2012, plaintiffs Robin and Beverly Persad commenced this negligence action in the Supreme Court of the State of New York, Kings County, seeking to recover for injuries that Mr. Persad allegedly suffered in a January 2012 fall at defendant's office in Inwood, New York. Over nine months later, defendant Global Companies, LLC removed this action from the state court to this Court. Plaintiffs now move to remand the case to state court, alleging that defendant's Notice of Removal was untimely filed. For the reasons that follow, plaintiffs' motion is granted.

## *BACKGROUND*

      Unless otherwise indicated, the following facts are drawn from various documents filed during the state court litigation, which are attached to the Notice of Removal in this case. On August 20, 2012, plaintiffs Robin and Beverly Persad served defendant with a summons and verified complaint. Notice of Removal, Exs. A, B. The verified complaint alleged, *inter alia*, that plaintiffs were residents of Kings County and that defendant was a foreign limited liability company organized under the laws of the State of New York. *Id.*, Ex. A at 2. However, in accordance with section 3017(c) of New York Civil Practice Law and Rules, the complaint did

not allege a specific amount of damages.[1] Rather, it demanded "judgment . . . in the sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id.*, Ex. A at 7.

On September 25, 2012, Global served Plaintiffs with a Verified Answer. *Id.*, Ex. C. In his declaration in opposition to the instant motion, defendant's counsel, Joseph J. Perrone, candidly admits that this answer "was served six (6) days late as a result of a calendaring error on our firm's master calendar." Declaration of Joseph J. Perrone in Opposition to Plaintiff's Motion ("Perrone Decl.") ¶ 12. Plaintiffs rejected Global's answer as untimely. *Id.*, Ex. D. Although defendant then requested that plaintiffs consent to an extension of time for defendant to answer, plaintiffs refused and moved for default judgment.

In support of that motion for a default judgment, Mr. Persad filed an affidavit in which he stated, *inter alia*, that he had "sustained cervical disc herniations/bulges with radiculopathy and various other serious injuries." Affidavit of Robin Persad, dated Jan. 16, 2013 (the "Persad Affidavit") ¶ 4.[2] The affidavit did not specify the monetary damages plaintiffs were seeking in this action. The parties have not provided the Court with any other documents filed in connection with plaintiffs' motion for a default judgment. However, the Notice of Removal attaches a state court order indicating that the motion for a default was withdrawn and that defendant was permitted to file an answer. Notice of Removal, Ex. E.

There is no evidence that plaintiffs apprised defendant of the amount of monetary damages they were seeking until plaintiffs' counsel sent defendant a Verified Bill of Particulars

---

[1] Section 3017(c) provides, in pertinent part, that "[i]n an action to recover damages for personal injuries . . . , the complaint . . . shall contain a prayer for general relief, but shall not state the amount of damages to which the pleader deems himself entitled."

[2] The Persad Affidavit is attached as Exhibit G to the Declaration of Steven Louros dated June 24, 2013.

2

dated April 29, 2013. In that document – which is attached to the Declaration of Steven Louros, dated June 24, 2013 (the "Louros Declaration") as Exhibit E – Plaintiffs alleged lost earnings of $1 million, medical expenses in excess of $70,000, and future expenses in excess of $1 million. Louros Declaration, Ex. E, at 9-10.

According to an affidavit of service included as part of Exhibit D to the Louros Declaration, plaintiff's counsel served the Bill of Particulars on defendant's counsel by first-class mail on April 30, 2013. Defendant's counsel asserts that the Bill was received "[o]n or about May 6, 2013," stating:

> [M]y belief that plaintiffs' Bill of Particulars was received on May 6, 2013 is based upon the fact that we calendared Global's Notice of Removal as being due by June 4, 2013, and also upon the date of plaintiffs' Bill of Particulars in conjunction with the fact that it was mailed via first class mail instead of via Federal Express overnight or some other reliable and speedy method. Essentially, plaintiffs state that the Bill of Particulars was mailed on one date, and Global states that it was received on another date. Despite the proximity of counsels' offices, with the United States Postal Service being the mail carrier, it is perfectly plausible that both parties are correct.

Perrone Decl. ¶ 18. However, defendant's counsel has provided no documentary evidence, such as a date-stamped envelope, to establish when the Bill of Particulars was received. Indeed, defendant's counsel admits that he did not retain the envelope in which the Bill of Particulars was mailed, stating that his "files are almost entirely electronic, *i.e.*, paperless." *Id.*

### *The Instant Motion to Remand*

Defendant filed its Notice of Removal on June 4, 2013. On June 24, 2013, plaintiffs moved to remand this action to state court. In a three-page memorandum of law in support of

3

that motion, plaintiffs allege that the Notice of Removal was untimely because it was not filed within thirty days of the filing of the complaint.

In response, defendant argues that the initial complaint was not removable because it did not specify the amount of money damages sought. Global's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Defendant's Memo") at 2. Defendant asserts that "Plaintiffs' Bill of Particulars was the first instance where the plaintiffs specified a quantum of damages." *Id.* at 3. Then, relying on defendant's counsel's claim that he received the Bill of Particulars "on or about May 6, 2013," defendant alleges that this action first became removable on May 6, 2013; that the notice of removal was filed within thirty days of that date; and that the notice of removal is, therefore, timely. *Id.* at 4.

In their reply, plaintiffs implicitly concede that the thirty-day period runs from the date plaintiff served its Bill of Particulars. Moreover, plaintiffs concede that, because the papers were served via first-class mail, three days must be added to the thirty-day period. Declaration of Steven Louros dated July 15, 2013, at ¶ 3. However, plaintiffs argue that since the Bill of Particulars was served on April 30, 2013, defendant's time to move to remand the action expired on June 3, 2013 – the day before defendant filed its notice of removal. *Id.* at ¶ 6. Plaintiffs note that defendant "cannot state with any certainty the date his firm actually received the Bill of Particulars," since "no one at his law firm took the simple step of date stamping the mail when it was received." *Id.* at ¶¶ 4-5. In addition, plaintiffs note defendant's counsel's firm has committed other "calendaring errors" in the course of defending this action. *Id.* at ¶ 7.

## DISCUSSION

"When a party challenges the removal of an action from state court, the burden falls on the removing party to establish its right to a federal forum by competent proof." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) (internal quotation marks omitted) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). If the party seeking removal cannot meet its burden, "[s]ubsection 1447(d) authorizes a remand 'on the basis of any defect in removal procedure' . . . ." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (quoting *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993), *cert. denied*, 510 U.S. 1130 (1994)).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." However, 28 U.S.C. § 1446(b) requires, *inter alia*, that "[t]he notice of removal in a civil action . . . be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

5

In interpreting these statutory provisions, the Second Circuit has held that an initial pleading is removable when that pleading "enables the defendant to 'intelligently ascertain' removability from the face of such a pleading . . . ." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997)). "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition." *Id.* at 206 (internal quotations, citations and brackets omitted). "In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." *Id.* (citing *Day v. Zimmer Inc.*, 636 F. Supp. 451, 453 (N.D.N.Y. 1986)).

While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability. *Id.* The Second Circuit has expressly refused to follow courts "that have held that the removal clock runs from the service of the complaint, even where the complaint does not specify the amount of monetary damages sought, when the defendant can reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement of 28 U.S.C. § 1332." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010). Rather, the Second Circuit has held "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Id.* at 38.

In this case, the initial complaint, which only demanded "judgment . . . in the sum exceeding the jurisdictional limits of all lower courts," did not specify the amount of money damages sought. That information was first disclosed in the Bill of Particulars which was served

6

on defendant on April 30, 2013. The thirty-day period for filing the notice of removal, therefore, began to run on May 1, 2013. *Moltner*, 624 F.3d at 37; Fed. R. Civ. P. 6(a)(1)(A). However, because the Bill of Particulars was served by mail, "3 days are added after the period would otherwise expire," Fed. R. Civ. P. 6(d), extending the end of the period from May 30, 2013, to June 2, 2013. In addition, because June 2, 2013, was a Sunday, the thirty-day period did not end until June 3, 2013. Fed. R. Civ. P. 6(a)(1)(C). Defendant did not file its notice of removal until June 4, 2013 – one day later.

To be sure, there is authority for the proposition that Rule 6(d) merely "creates a rebuttable presumption that a right-to-sue letter is received three days after it is mailed." *Lunardini v. Mass. Mut. Life Ins. Co.*, 696 F. Supp. 2d 149, 157 n.7 (D. Conn. 2010). "Normally, it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing *Baldwin Cnt'y Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)). However, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* at 526 (citing *Smith v. Local Union 28 Sheet Metal Workers*, 877 F. Supp. 165, 172 (S.D.N.Y. 1995), *aff'd*, 100 F.3d 943 (2d Cir. 1996)).

In this case, defendant has failed to provide any evidence from which the Court can reasonably infer that the Bill of Particulars was received after May 3, 2013. First, defendant does not dispute that the Bill of Particulars was mailed on April 30, 2013. To the contrary,

defendant's counsel concedes that "it is perfectly plausible" that this date is correct. Perrone Decl. ¶ 18.

Second, defendant has no documentary evidence, such as a date-stamped envelope, to establish when the Bill of Particulars was actually received. Rather, the best evidence defendant's counsel can provide is his own affidavit, in which he expresses his "belief" that the Bill of Particulars was received "on or about May 6, 2013." Perrone Decl. ¶¶ 17-18. That belief, however, is based solely on defendant's counsel's faith in the accuracy of his firm's records. Defendant's counsel asserts that his firm "calendared Global's Notice of Removal as being due by June 4, 2013," and reasons that, if this entry was accurate, the Bill of Particulars must have been received on May 6, 2013. *Id.* ¶ 18.

However, defendant's counsel does not provide any evidence to establish the accuracy of the firm's record-keeping. Indeed, the only concrete evidence that this Court has on this issue is the undisputed fact that defendant missed the deadline for responding to plaintiffs' original complaint in this action by six days. In light of this fact, this Court does not share defendant's counsel's faith in his office's record-keeping.

Finally, defendant's counsel resorts to speculation, based solely on unsubstantiated assumptions about the speed and reliability of the United States Postal Service. Noting that the Bill of Particulars was "mailed via first class mail instead of via Federal Express overnight or some other reliable and speedy method," defendant's counsel asserts that, "[d]espite the proximity of counsels' offices, with the United States Postal Service being the mail carrier, it is perfectly plausible that" the Bill of Particulars took almost a week to arrive. However, counsels' offices are not merely proximate – being less than six city blocks apart – but in the same zip

8

code. Defendant's counsel offers no evidence to suggest that first-class mail sent within the same zip code takes more than three days to arrive. In fact, the only evidence concerning the speed of mail deliveries is from plaintiff's counsel, who states that his office deposits its mail at the post office and, therefore, that "most mail sent is received the next day." Louros Decl. ¶ 9.

Absent any admissible evidence from which this Court could reasonably infer either that the Bill of Particulars was mailed later than April 30, 2013, or that it took longer than three days to arrive in defendant's counsel's office, this Court presumes that defendant received the Bill of Particulars on May 3, 2013. Thus, the Notice of Removal had to be filed by June 3, 2013. *See* 28 U.S.C. § 1446(b). Since the Notice of Removal was not filed until June 4, 2013, that notice was untimely and this case must be remanded.

## *CONCLUSION*

For the aforementioned reasons, Plaintiffs' motion to remand is granted and this action is remanded to the Supreme Court of the State of New York, Kings County. The Clerk of Court is directed to close this case.

**SO ORDERED.**

s/Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: August 21, 2013
Brooklyn, New York

9